UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY (NEWARK)

| | |
|---|---|
| STELLA CHIQUITO, <br><br> Plaintiff, <br> vs. <br><br> UNITED RECOVERY SYSTEMS, LP, <br><br> Defendant. | CIVIL ACTION NO. <br><br> 2:11-cv-02830-WHW-CCC |

**MOTION TO DISMISS PLAINTIFF'S COMPLAINT BY DEFENDANT, UNITED RECOVERY SYSTEMS, LP**

NOW COMES Defendant, United Recovery Systems, LP ("URS"), by and through its attorneys, Marshall, Dennehey, Warner, Coleman & Goggin, P.C., and submits the following Motion to Dismiss Plaintiff's Complaint, stating as follows:

1. On May 4, 2011, Plaintiff filed the instant action captioned as Stella Chiquito v. United Recovery Systems in the Superior Court of New Jersey, Law Division, Special Civil Part for Bergen County at docket no. SC 1738-11. (*See* Plaintiff's Complaint which is attached hereto as Exhibit "A").

2. Plaintiff's Complaint alleges that an April 2, 2010 collection letter sent by URS to Plaintiff contained language that violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq. (See the copy of the April 2, 2010 collection letter, attached hereto as Exhibit "B").

3. On or about May 17, 2011, counsel for URS removed Plaintiff's Complaint to the United States District Court for the District of New Jersey

(Newark) as the allegations in Plaintiff's Complaint concerned a federal question, the FDCPA.

4. Paragraph 6. of Plaintiff's Complaint states as follows:

"On or about April 2, 2010, the plaintiff was contacted by the defendant via an initial contact letter."

(See ¶ 6 of the Complaint, Exhibit "A").

5. Section 1692k(d) of the FDCPA reads:

**(d) Jurisdiction**
An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, <u>within one year from the date on which the violation occurs.</u>

(See 15 U.S.C. § 1692k(d) (emphasis added))

6. Plaintiff's Complaint concedes, and the statutory authority confirms, that the purported violation of the FDCPA occurred on April 2, 2010, the date that the "offending" collection letter was mailed to Plaintiff.

7. Pursuant to 15 U.S.C. § 1692k(d), because Plaintiff failed to file the instant matter within one year from the date on which the alleged violation occurred, her claims are time-barred by the FDCPA's one year statute of limitation.

8. The United States District Court for the District of New Jersey has previously held that an action under the FDCPA must be brought "within one year from the date on which the violation occurs." See <u>Parker v. Pressler & Pressler, LLP</u>, 650 F. Supp. 2d 326, 340 (D.N.J. 2009).

2

9. The statute of limitations under the FDCPA begins to run one year from the date of the violation and is not subject to waiver or tolling. Zhang v. Haven-Scott Assocs., 1996 U.S. Dist. LEXIS 8738, *34 (E.D.Pa. 1996).

10. As such, the one-year statute of limitation in this matter began to run on April 2, 2010, the date the collection letter at issue was mailed to Plaintiff.

11. Because Plaintiff filed her current action on May 4, 2011, which was thirty-two days after the running of the statute of limitations for bringing an FDCPA claim, pursuant to 15 U.S.C. 1692k(d), Plaintiff's claims are time barred and this Motion should be granted, dismissing Plaintiff's claims with prejudice.

**WHEREFORE**, Defendant, United Recovery Systems, LP, respectfully requests that this Honorable Court grants the instant Motion to Dismiss, dismissing, with prejudice, Plaintiff's Complaint because it is time-barred.

Respectfully submitted,

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN, P.C.**

BY: /s/ Ronald M. Metcho, Esq. / rmetcho
RONALD M. METCHO, ESQUIRE
1845 Walnut Street, 17th Floor
Philadelphia, PA 19103
215-575-2595 / 215-575-0856 (f)
rmetcho@mdwcg.com
Attorneys for Defendant
United Recovery Systems, LP

3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY (NEWARK)

| | |
|---|---|
| **STELLA CHIQUITO**,<br><br>　　　　Plaintiff,<br>vs.<br><br>**UNITED RECOVERY SYSTEMS**, **L.P.**,<br><br>　　　　Defendant. | **CIVIL ACTION NO.**<br><br>**2:11-cv-02830-WHW-CCC** |

### CERTIFICATE OF SERVICE

I, Ronald M. Metcho, Esquire, do hereby certify that a true and correct copy of Defendant, United Recovery Systems, LP's, Motion to Dismiss Plaintiff's Complaint was served upon counsel of record by ECF and regular mail on **June 2, 2011.**

　　　　　　　　　　　　　　　　**MARSHALL, DENNEHEY, WARNER,**
　　　　　　　　　　　　　　　　**COLEMAN & GOGGIN**

　　　　　　　　　　　BY:　/s/ Ronald M. Metcho, Esq. / rmetcho
　　　　　　　　　　　　　　　　RONALD M. METCHO, ESQ.
　　　　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　　　United Recovery Systems, LP